UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:19-CV-578

PAUL MANOS, et al. )
) Case No. 3:19-CV-578
Plaintiffs, )
)
v. )
) **DEFENDANT FREEDOM MORTGAGE**
FREEDOM MORTGAGE ) **CORPORATION'S ANSWER TO**
CORPORATION ) **PLAINTIFF'S COMPLAINT**
)
Defendant. )

Defendant Freedom Mortgage Corporation ("*Freedom*"), by and through counsel, and for its Answer to Plaintiffs, Paul and Margaret Manos' ("*Plaintiffs*") Complaint states as follows:

<u>JURISDICTION AND VENUE</u>

1.     In answering Paragraph 1 of the Complaint, Freedom states the allegations as set forth therein call for a legal conclusion and thus do not require a response.  To the extent any further response is required to Paragraph 1 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

2.     In answering Paragraph 2 of the Complaint, Freedom states the allegations as set forth therein call for a legal conclusion and thus do not require a response.  To the extent any further response is required to Paragraph 2 of the Complaint, Freedom is without sufficient knowledge as to the truth of the

allegations as set forth therein and therefore denies the same and demands strict proof thereof.

3.     In answering Paragraph 3 of the Complaint, Freedom states the allegations as set forth therein call for a legal conclusion and thus do not require a response.  To the extent any further response is required to Paragraph 3 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

4.     In answering Paragraph 4 of the Complaint, Freedom states the allegations as set forth therein call for a legal conclusion and thus do not require a response.  To the extent any further response is required to Paragraph 4 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

## PARTIES

5.     Freedom incorporates and restates each and every response and defense above as if fully restated herein.

6.     In answering Paragraph 6 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

7.     In answering Paragraph 7 of the Complaint, Freedom states the allegations as set forth therein call for a legal conclusion and thus do not require a

response. To the extent any further response is required to Paragraph 7 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

8. In answering Paragraph 8 of the Complaint, Freedom states the allegations as set forth therein call for a legal conclusion and thus do not require a response. To the extent any further response is required to Paragraph 8 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

9. In answering Paragraph 9 of the Complaint, Freedom states the allegations as set forth therein call for a legal conclusion and thus do not require a response. To the extent any further response is required to Paragraph 9 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

10. In answering Paragraph 10 of the Complaint, Freedom admits that it is a New Jersey corporation authorized to do business in North Carolina and that it conducts business in North Carolina with headquarters in Mount Laurel, New Jersey.

11.     Freedom admits its registered agent in North Carolina is CT Corporation System, but that all filings hereafter are to be served upon undersigned counsel.

12.     In answering Paragraph 12 of the Complaint, Freedom states the allegations as set forth therein call for a legal conclusion and thus do not require a response.  To the extent any further response is required to Paragraph 12 of the Complaint, Freedom admits it's authorized to do business in North Carolina and that it conducts business in North Carolina.  As to any remaining allegations set forth in Paragraph 12, Freedom without sufficient knowledge as to the truth said allegations as set forth therein and therefore denies the same and demands strict proof thereof.

13.     In answering Paragraph 13 of the Complaint, Freedom states the allegations as set forth therein call for a legal conclusion and thus do not require a response.  To the extent any further response is required to Paragraph 13 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

14.     In answering Paragraph 14 of the Complaint, Freedom states the allegations as set forth therein call for a legal conclusion and thus do not require a response. To the extent any further response is required to Paragraph 14 of the Complaint, Freedom is without sufficient knowledge as to the truth of the

allegations as set forth therein and therefore denies the same and demands strict proof thereof.

15. In answering Paragraph 15 of the Complaint, Freedom states the allegations as set forth therein call for a legal conclusion and thus do not require a response. To the extent any further response is required to Paragraph 15 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

16. In answering Paragraph 16 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

17. In answering Paragraph 17 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

18. In answering Paragraph 18 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

19. In answering Paragraph 19 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

20. In answering Paragraph 20 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

21. In answering Paragraph 21 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

<strong><u>FACTUAL ALLEGATIONS</u></strong>

22. Freedom incorporates and restates each and every response and defense above as if fully restated herein.

23. In answering Paragraph 23 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

24. Freedom admits the allegations set forth in Paragraph 24 of the Complaint.

25. Freedom admits the allegations set forth in Paragraph 25 of the Complaint to the extent that Freedom sent such notice to Plaintiffs.

26. Freedom admits the allegations set forth in Paragraph 26 of the Complaint.

27. In answering Paragraph 27 of the Complaint, Freedom admits Plaintiffs set up an online payment account on Freedom's website. Freedom is without sufficient knowledge as to the truth of the remaining allegations set forth in Paragraph 27 and therefore denies the same and demands strict proof thereof.

28. In answering Paragraph 28 of the Complaint, Freedom admits Plaintiffs' mortgage payment was due the first day of each month. Answering further, Freedom admits that if the mortgage payment was paid within fourteen days of the first of the month Plaintiffs would not be assessed a late fee. Freedom denies the remaining allegations set forth in Paragraph 28 of the Complaint.

29. In answering Paragraph 29 of the Complaint, Freedom admits Plaintiffs' mortgage payment was due the first day of each month and would be considered late if not received at that time. Freedom admits that the Plaintiffs would not be assessed a late fee if the mortgage payment was paid within fourteen days of the first of the month. Freedom denies the remaining allegations set forth in Paragraph 29 of the Complaint.

30. Freedom admits the allegations set forth in Paragraph 30 of the Complaint.

31. Freedom admits the allegations set forth in Paragraph 31 of the Complaint.

32. In answering Paragraph 32 of the Complaint, Freedom admits that Plaintiffs attempted to make a payment at 11:26:56 p.m. on March 6, 2018. Freedom is without sufficient knowledge as to the truth of the remaining allegations set forth in Paragraph 32 of the Complaint, and therefore denies the same and demands strict proof thereof.

33. In answering Paragraph 33 of the Complaint, Freedom admits on March 6, 2018, Plaintiffs were notified that all payments submitted after 11 p.m. would need to be posted the next business day.

34. Freedom denies the allegations set forth in Paragraph 34 of the Complaint.

35. In answering Paragraph 35 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

36. Freedom denies the allegations set forth in Paragraph 36 of the Complaint.

37. Freedom denies the allegations set forth in Paragraph 37 of the Complaint.

38. In answering Paragraph 38 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

39. In answering Paragraph 39 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

40. In answering Paragraph 40 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

41.     Freedom admits the allegations set forth in Paragraph 41 of the Complaint.

42.     In answering Paragraph 42 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

43.     In answering Paragraph 43 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

44.     Freedom denies the allegations set forth in Paragraph 44 of the Complaint.

45.     Freedom denies the allegations set forth in Paragraph 45 of the Complaint.

46.     Freedom admits the allegations set forth in Paragraph 46 of the Complaint.

47.     In answering Paragraph 47 of the Complaint, Freedom admits that after March 6, 2018, Plaintiffs were notified that they were past due for their March 2018 mortgage payment and they had accrued a late fee. Freedom is without sufficient knowledge as to the truth of the remaining allegations as set forth in Paragraph 47 and therefore denies the same and demands strict proof thereof.

48.     In answering Paragraph 48 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

49.     In answering Paragraph 49 of the Complaint, Freedom admits that Plaintiffs have paid the March 2018 mortgage payment, March 2018 late fee and April 2018 mortgage payment on April 5, 2018.

50.     In answering Paragraph 50 of the Complaint, Freedom admits that upon paying their March 2018 mortgage payment, late fee and April 2018 mortgage payment on or around April 5, 2018, Plaintiffs were current with their mortgage payments.

51.     In answering Paragraph 51 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

52.     In answering Paragraph 52 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

53.     In answering Paragraph 53 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

54.     In answering Paragraph 54 of the Complaint, Freedom admits it sent Plaintiffs a letter on March 19, 2019, informing them that they had an outstanding balance on their mortgage.  Freedom is without sufficient knowledge as to the truth of the remaining allegations set forth in Paragraph 54, and therefore denies the same and demands strict proof thereof.

55. In answering Paragraph 55 of the Complaint, Freedom states it received a call from Plaintiff in April of 2018. Freedom is without sufficient knowledge as to the truth of the remaining allegations as set forth therein and therefore denies the same and demands strict proof thereof.

56. In answering Paragraph 56 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

57. In answering Paragraph 57 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

58. In answering Paragraph 58 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

59. In answering Paragraph 59 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

60. In answering Paragraph 60 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

61. In answering Paragraph 61 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

62.     In answering Paragraph 62 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

63.     In answering Paragraph 63 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

64.     In answering Paragraph 64 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

65.     In answering Paragraph 65 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

66.     In answering Paragraph 66 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

67.     In answering Paragraph 67 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

68.     In answering Paragraph 68 of the Complaint, Freedom admits it received a call from Plaintiff on April 8, 2019.  Freedom is without sufficient knowledge as to the truth of the remaining allegations as set forth therein and therefore denies the same and demands strict proof thereof.

69.    In answering Paragraph 69 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

70.    In answering Paragraph 70 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

71.    In answering Paragraph 71 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

72.    In answering Paragraph 72 of the Complaint, Freedom admits it can be contacted by customers at the listed telephone number, mailing address and email address.   Freedom is without sufficient knowledge as to the truth of the remaining allegations as set forth in Paragraph 72, and therefore denies the same and demands strict proof thereof.

73.    In answering Paragraph 73 of the Complaint, Freedom admits it was contacted by Plaintiffs on May 8, 2019, relating to the late payment dispute. Freedom denies the remaining allegations set forth in Paragraph 73 of the Complaint.

74.    In answering Paragraph 74 of the Complaint, Freedom admits it received additional documentation from Plaintiff on or about March 11, 2018. Freedom further states that the documents provided on or about March 11, 2018 speak for themselves and thus do not require a response.  To the extent that the

remaining allegations in Paragraph 74 contradict said document, Freedom denies those allegations and demands strict proof thereof. To the extent any further response is required to Paragraph 74 of the Complaint, Freedom is without sufficient knowledge as to the truth of the remaining allegations as set forth therein and therefore denies the same and demands strict proof thereof.

75. In answering Paragraph 75 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

76. In answering Paragraph 76 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

77. In answering Paragraph 77 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

78. In answering Paragraph 78 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

79. In answering Paragraph 79 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

80. In answering Paragraph 80 of the Complaint, Freedom admits it received a call from Plaintiff on May 16, 2018. Freedom is without sufficient

knowledge as to the truth of the remaining allegations as set forth in Paragraph 80 and therefore denies the same and demands strict proof thereof.

81. In answering Paragraph 81 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

82. In answering Paragraph 82 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

83. In answering Paragraph 83 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

84. In answering Paragraph 84 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

85. In answering Paragraph 85 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

86. In answering Paragraph 86 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

87. In answering Paragraph 87 of the Complaint, Freedom admits Ms. Manos contacted it via email to provide Freedom with screenshots of her voicemail.

Freedom denies the remaining allegations set forth in Paragraph 87 of the Complaint.

88. Freedom admits the allegations set forth in Paragraph 88 of the Complaint.

89. In answering Paragraph 89 of the Complaint, Freedom admits its May 22, 2018 letter informed Plaintiffs that Freedom had received their inquiry regarding their account on May 8, 2018. Freedom denies all remaining allegations set forth in Paragraph 89 of the Complaint.

90. Freedom admits the allegations set forth in Paragraph 90 of the Complaint.

91. Freedom admits the allegations set forth in Paragraph 91 of the Complaint.

92. Freedom admits the allegations set forth in Paragraph 92 of the Complaint.

93. In answering Paragraph 93 of the Complaint, Freedom admits Plaintiffs submitted disputes to Equifax, Experian and Transunion. Freedom is without sufficient knowledge as to the truth of the remaining allegations forth in Paragraph 93, and therefore denies the same and demands strict proof thereof.

94. In answering Paragraph 94 of the Complaint, Freedom admits that the complaint referenced therein speaks for itself and thus does not require a response. To the extent that the allegations in Paragraph 94 contradict said document, Freedom denies those allegations and demands strict proof thereof. To the extent

any further response is required to Paragraph 94 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

95. In answering Paragraph 95 of the Complaint, Freedom admits the Plaintiffs submitted a complaint to the Consumer Financial Protection Bureau on June 13, 2018.

96. In answering Paragraph 96 of the Complaint, Freedom admits that the complaint referenced therein speaks for itself and thus does not require a response. To the extent that the allegations in Paragraph 96 contradict said document, Freedom denies those allegations and demands strict proof thereof. To the extent any further response is required to Paragraph 96 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

97. Freedom admits the allegations set forth in Paragraph 97 of the Complaint.

98. In answering Paragraph 98 of the Complaint, Freedom admits that the complaint referenced therein speaks for itself and thus does not require a response. To the extent that the allegations in Paragraph 98 contradict said document, Freedom denies those allegations and demands strict proof thereof. To the extent any further response is required to Paragraph 98 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

99. Freedom admits the allegations set forth in Paragraph 99 of the Complaint.

100. In answering Paragraph 100 of the Complaint, Freedom admits that the correspondence referenced therein speaks for itself and thus does not require a response. To the extent that the allegations in Paragraph 100 contradict said document, Freedom denies those allegations and demands strict proof thereof. To the extent any further response is required to Paragraph 100 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

101. In answering Paragraph 101 of the Complaint, Freedom states that Paragraph 101 is nothing more than a statement of the Plaintiffs' claim and thus does not require a response. To the extent that a response is required, Freedom denies the same and demands strict proof thereof. To the extent that Paragraph 101 alleges wrongdoing or liability on the part of Freedom, Freedom denies any such allegation. In further response, Freedom denies that it is liable to the Plaintiffs under any theory, that it breached any duty owing to the Plaintiffs, that it violated any law or statute regarding the Plaintiffs, or that the Plaintiffs are entitled to any damages against it in this action.

102. In answering Paragraph 102 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

103. In answering Paragraph 103 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

104. In answering Paragraph 104 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

105. In answering Paragraph 105 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

106. In answering Paragraph 106 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

107. In answering Paragraph 107 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

108. In answering Paragraph 108 of the Complaint, Freedom admits Plaintiffs submitted a credit dispute to Experian on or about July 2, 2019. Freedom is without sufficient knowledge as to the truth of the remaining allegations as set forth in Paragraph 108 and therefore denies the same and demands strict proof thereof.

109.   In answering Paragraph 109 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

110.   In answering Paragraph 110 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

111.   In answering Paragraph 111 of the Complaint, Freedom admits that the correspondence referenced therein speaks for itself and thus does not require a response.   To the extent that the allegations in Paragraph 111 contradict said document, Freedom denies those allegations and demands strict proof thereof.   To the extent any further response is required to Paragraph 111 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

112.   In answering Paragraph 112 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

113.   In answering Paragraph 113 of the Complaint, Freedom admits that the correspondence referenced therein speaks for itself and thus does not require a response.   To the extent that the allegations in Paragraph 113 contradict said document, Freedom denies those allegations and demands strict proof thereof.   To the extent any further response is required to Paragraph 113 of the Complaint,

Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

114. In answering Paragraph 114 of the Complaint, Freedom admits that the correspondence referenced therein speaks for itself and thus does not require a response. To the extent that the allegations in Paragraph 114 contradict said document, Freedom denies those allegations and demands strict proof thereof. To the extent any further response is required to Paragraph 114 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

115. In answering Paragraph 115 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

116. In answering Paragraph 116 of the Complaint, Freedom admits that the correspondence referenced therein speaks for itself and thus does not require a response. To the extent that the allegations in Paragraph 116 contradict said document, Freedom denies those allegations and demands strict proof thereof. To the extent any further response is required to Paragraph 116 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

117. In answering Paragraph 117 of the Complaint, Freedom admits that the correspondence referenced therein speaks for itself and thus does not require a response. To the extent that the allegations in Paragraph 117 contradict said

document, Freedom denies those allegations and demands strict proof thereof. To the extent any further response is required to Paragraph 117 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

118. In answering Paragraph 118 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

119. In answering Paragraph 119 of the Complaint, Freedom admits that the correspondence referenced therein speaks for itself and thus does not require a response. To the extent that the allegations in Paragraph 119 contradict said document, Freedom denies those allegations and demands strict proof thereof. To the extent any further response is required to Paragraph 119 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

120. In answering Paragraph 120 of the Complaint, Freedom admits that the correspondence referenced therein speaks for itself and thus does not require a response. To the extent that the allegations in Paragraph 120 contradict said document, Freedom denies those allegations and demands strict proof thereof. To the extent any further response is required to Paragraph 120 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

121.    In answering Paragraph 121 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

122.    In answering Paragraph 122 of the Complaint, Freedom admits that the correspondence referenced therein speaks for itself and thus does not require a response.    To the extent that the allegations in Paragraph 122 contradict said document, Freedom denies those allegations and demands strict proof thereof.    To the extent any further response is required to Paragraph 122 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

123.    In answering Paragraph 123 of the Complaint, Freedom admits that the correspondence referenced therein speaks for itself and thus does not require a response.    To the extent that the allegations in Paragraph 123 contradict said document, Freedom denies those allegations and demands strict proof thereof.    To the extent any further response is required to Paragraph 123 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

124.    In answering Paragraph 124 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

125. In answering Paragraph 125 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

126. In answering Paragraph 126 of the Complaint, Freedom denies the reporting was inaccurate or negative. Freedom is without sufficient knowledge as to the truth of the remaining allegations as set forth in Paragraph 126 and therefore denies the same and demands strict proof thereof.

127. In answering Paragraph 127 of the Complaint, Freedom denies the reporting was inaccurate or negative. Freedom is without sufficient knowledge as to the truth of the remaining allegations as set forth in Paragraph 127 and therefore denies the same and demands strict proof thereof.

128. In answering Paragraph 128 of the Complaint, Freedom admits Plaintiffs submitted disputes to Experian and Transunion on December 28, 2019. Freedom is without sufficient knowledge as to the truth of the remaining allegations as set forth in Paragraph 128 and therefore denies the same and demands strict proof thereof.

129. In answering Paragraph 129 of the Complaint, Freedom admits that the correspondence referenced therein speaks for itself and thus does not require a response. To the extent that the allegations in Paragraph 129 contradict said document, Freedom denies those allegations and demands strict proof thereof. To the extent any further response is required to Paragraph 129 of the Complaint,

Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

130. In answering Paragraph 130 of the Complaint, Freedom admits Plaintiffs provided it with copies of their December 28, 2019 disputes to Experian and Transunion. Freedom is without sufficient knowledge as to the truth of the remaining allegations as set forth in Paragraph 130 and therefore denies the same and demands strict proof thereof.

131. Freedom is without sufficient knowledge as to the truth of the remaining allegations as set forth in Paragraph 131 and therefore denies the same and demands strict proof thereof.

132. Freedom denies the allegations in Paragraph 132 of the Complaint.

133. Freedom denies the allegations in Paragraph 133 of the Complaint.

134. Freedom denies the allegations in Paragraph 134 of the Complaint.

135. Freedom denies the allegations in Paragraph 135 of the Complaint.

136. Freedom denies the allegations in Paragraph 136 of the Complaint.

137. Freedom denies the allegations in Paragraph 137 of the Complaint.

138. Freedom denies the allegations in Paragraph 138 of the Complaint.

139. In answering Paragraph 139 of the Complaint, Freedom states the allegations as set forth therein call for a legal conclusion and thus do not require a response. To the extent any further response is required to Paragraph 139 of the Complaint, Freedom is without sufficient knowledge as to the truth of the

allegations as set forth therein and therefore denies the same and demands strict proof thereof.

140. Freedom denies the allegations in Paragraph 140 of the Complaint.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

141. Freedom incorporates and restates each and every response and defense above as if fully restated herein.

142. In answering Paragraph 142 of the Complaint, Freedom admits Plaintiffs notified it that they disputed the reporting that they were delinquent on their mortgage payments. Freedom states the remaining allegations set forth in Paragraph 142 call for a legal conclusion and thus do not require a response. To the extent any further response is required to Paragraph 142 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

143. Freedom denies the allegations set forth in Paragraph 143 of the Complaint.

144. Freedom denies the allegations set forth in Paragraph 144 of the Complaint.

145. Freedom denies the allegations set forth in Paragraph 145 of the Complaint.

146. Freedom admits Plaintiffs contacted Equifax, Transunion and Equifax to dispute the reporting that they were late on their mortgage payment in March of

2018. Freedom denies all remaining allegations set forth in Paragraph 146 of the Complaint.

147. In answering Paragraph 147 of the Complaint, Freedom states the allegations as set forth therein call for a legal conclusion and thus do not require a response. To the extent any further response is required to Paragraph 147 of the Complaint, Freedom is without sufficient knowledge as to the truth of the allegations as set forth therein and therefore denies the same and demands strict proof thereof.

148. Freedom denies the allegations set forth in Paragraph 148 of the Complaint.

149. Freedom denies the allegations set forth in Paragraph 149 of the Complaint.

150. Freedom denies the allegations set forth in Paragraph 150 of the Complaint.

151. Freedom denies the allegations set forth in Paragraph 151 of the Complaint.

152. Freedom denies the allegations set forth in Paragraph 152 of the Complaint.

153. Freedom denies the allegations set forth in Paragraph 153 of the Complaint.

154. Freedom denies the allegations set forth in Paragraph 154 of the Complaint.

155. Freedom denies the allegations set forth in Paragraph 155 of the Complaint.

156. Freedom denies the allegations set forth in Paragraph 156 of the Complaint.

## VIOLATIONS OF N.C. Gen. Stat. § 75-1.1

157. Freedom incorporates and restates each and every response and defense above as if fully restated herein.

158. Freedom denies the allegations set forth in Paragraph 158 of the Complaint.

159. Freedom denies the allegations set forth in Paragraph 159 of the Complaint.

160. Freedom denies the allegations set forth in Paragraph 160 of the Complaint.

161. Freedom denies the allegations set forth in Paragraph 161 of the Complaint.

162. Freedom denies the allegations set forth in Paragraph 162 of the Complaint.

163. Freedom denies the allegations set forth in Paragraph 163 of the Complaint.

## VIOLATIONS OF N.C. Gen. Stat. § 75-50, *et seq.*

164. Freedom incorporates and restates each and every response and defense above as if fully restated herein.

165. Freedom denies the allegations set forth in Paragraph 165 of the Complaint.

166. Freedom denies the allegations set forth in Paragraph 166 of the Complaint.

167. Freedom denies the allegations set forth in Paragraph 167 of the Complaint.

168. Freedom denies the allegations set forth in Paragraph 168 of the Complaint.

169. Freedom denies the allegations set forth in Paragraph 169 of the Complaint.

170. Freedom denies the allegations set forth in Paragraph 170 of the Complaint.

171. Freedom denies the allegations set forth in Paragraph 171 of the Complaint.

172. Except as herein specifically admitted, Freedom denies all the allegations of the Complaint, including the demands and prayers for relief, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Freedom Mortgage Corporation asserts the following affirmative defenses in defense of Plaintiffs' Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint filed herein fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' claims against Freedom may be barred or limited by the statute of frauds, parole evidence rule, the doctrine of waiver, estoppel, unclean hands, statute of limitations and/or laches.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiffs lack standing to assert some or all of the claims against Freedom.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs have failed to mitigate their alleged damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

To the extent the Plaintiffs assert a claim against Freedom for fraud, they have failed to plead the claim with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## SIXTH AFFIRMATIVE DEFENSE

Any alleged violation of an applicable legal standard, which Freedom expressly denies, was the result of a bona fide error notwithstanding the maintenance of policies and procedures to prevent such an error.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims, to the extent any exist, are not the result of the actions of Freedom, but the actions of the Plaintiffs or an independent third party acting at the request or direction of the Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims, to the extent any exist, are not the result of the actions of Freedom, but the actions of an independent third party.

## NINTH AFFIRMATIVE DEFENSE

The Complaint may not involve a real, immediate, justiciable, or tangible case or controversy.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim as a matter of law because all actions taken by Freedom with respect to Plaintiffs were done in good faith, without malice or ill will, and for legitimate business reasons.

## ELEVENTH AFFIRMATIVE DEFENSE

Freedom complied with all the applicable requirements of 15 U.S.C. §1681, *et seq.* known as the Fair Credit Reporting Act (FCRA) and is entitled to all defenses, presumptions, and inferences provided by FCRA.

## TWELFTH AFFIRMATIVE DEFENSE

Freedom complied with all the applicable requirements of 15 U.S.C. §1692, *et seq.* known as the Fair Debt Collection Practices Act (FDCPA) and is entitled to all defenses, presumptions, and inferences provided by FDCPA.

## THIRTEENTH AFFIRMATIVE DEFENSE

There is no private right of action available to Plaintiffs against Freedom.

## FOURTEENTH AFFIRMATIVE DEFENSE

Freedom specifically invokes any and all applicable caps or other limits on damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because any debt for which collection was attempted is a legitimate debt, due and owing.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that any violation of law took place, said violation was not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a valid claim for attorney fees, expenses, or costs against Freedom.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent there were any violations of the North Carolina law such purported violations were not done by Freedom with the requisite intent and knowledge.

## NINETEENTH AFFIRMATIVE DEFENSE

Freedom asserts the following affirmative defenses to Plaintiffs' claim for punitive damages:

1.     Plaintiffs' Complaint fails to state a claim against Freedom for which punitive damages may be awarded;

2.     Plaintiffs' claim for punitive damages against Freedom cannot be sustained because an award of punitive damages, without proof of every element beyond a reasonable doubt, would violate Freedom's due process rights under the Fourteenth Amendment to the United States Constitution;

3.     Alternatively, unless both Freedom's liability for punitive damages and the appropriate amount for punitive damages are required to be established by clear and convincing evidence, then the award of punitive damages would violate Freedom's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution;

4.     Additionally, Freedom relies on the United States Supreme Court decision in *State Farm Mutual Ins. Co. v. Campbell*, 538 U.S. 408 (2003), as it pertains to Plaintiffs' punitive damages claim; and

5.     Freedom denies that the conduct of any of their agents, servants or employees, by act or omission, was oppressive, fraudulent, malicious or grossly negligent, but in the event that it is adjudged to the contrary, Freedom specifically pleads that it has not authorized or ratified any such conduct nor should it have anticipated the conduct, if any, and Freedom specifically pleads and relies upon such facts as a complete bar to Plaintiffs' claim for punitive damages.

## RESERVATION OF RIGHTS

Freedom expressly reserves the right to assert additional defenses to the extent such additional defenses are uncovered through discovery in this case.

**WHEREFORE**, Freedom Mortgage Corporation requests this Court dismiss the Complaint in its entirety, with prejudice, and for any and all further relief this Court deems fair and equitable.

Respectfully Submitted,

*/s/ Kelly Eisenlohr-Moul*
Kelly Eisenlohr-Moul (50523)
Dinsmore & Shohl, LLP
1100 Peachtree Street, Suite 950
Atlanta, Georgia  30309
Telephone:  470-300-5337
Email: kelly.eisenlohr-moul@dinsmore.com

David A. Zulandt (0095516)
*Pro Hac Vice Applicant*
Dinsmore & Shohl, LLP
1001 Lakeside Avenue, Suite 990
Cleveland, OH  44114
Telephone:  (216) 413-3851
Fax:  (216) 413-3839
Email:  david.zulandt@dinsmore.com

*Attorneys for Defendant*
*Freedom Mortgage Corporation*

## CERTIFICATE OF SERVICE

I certify that on the 10th day of December, 2019, a copy of the foregoing was

served by ordinary U.S. Mail upon:

M. Shane Perry, Esq.
Collum & Perry (NC Bar # 35498)
109 W. Statesville Ave.
Mooresville, NC 28115
shane@collumperry.com
*Attorney for Plaintiffs*

*/s/ Kelly Eisenlohr-Moul*
*Kelly Eisenlohr-Moul (50523)*
*Attorney for Defendant Freedom*
*Mortgage Corporation*