UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| PAUL MANOS AND MARGARET M. MANOS, | : | Case No. 3:19-CV-578 |
| | : | |
| Plaintiff, | : | Judge Graham C. Mullen |
| | : | |
| v. | : | |
| | : | |
| FREEDOM MORTGAGE CORPORATION, | : | |
| | : | |
| Defendant. | : | |

**FREEDOM MORTGAGE CORPORATION'S**

**REPLY BRIEF IN SUPPORT OF BILL OF COSTS**

Plaintiffs Paul and Margaret M. Manos' ("Plaintiffs") Response in Opposition to Defendant Freedom Mortgage Corporation's ("Freedom") Bill of Costs (Doc. 41, "Plaintiff's Opposition") requests that this Court excuse them from the modest amount incurred by Freedom in defending this action. However, an award of costs is standard, particularly when Freedom prevailed on all claims at summary judgment. See Doc. Nos. 32-33. Plaintiffs fail to provide any compelling reason for overturning an award of costs, despite their burden to overcome this presumption. Plaintiffs are not the typical plaintiffs for whom "chilling effects" or indigency arguments apply, and they are responsible for the costs incurred as the result of this unsuccessful action.

### I. Plaintiffs' Objection is Untimely.

As an initial matter, Plaintiffs' Objection should be stricken as it is untimely. LCvR 54.1(d) clearly provides that if adverse party objects to the bill of costs or any item claimed by a prevailing party, the objection must be filed "within fourteen (14) days after the electronic filing of the bill

of costs." Freedom filed its Bill of Costs on June 30, 2022. Plaintiff's objection was due no later than July 14, 2022. Plaintiffs did not file their Objection until July 28, 2022. Thus, Plaintiff's Objection is two weeks late and should be stricken pursuant to local rule.

## II.    <u>Freedom Should be Awarded its Subpoena Costs</u>.

Even if the Court were to consider the Plaintiffs' Objection, there is no proper basis for the denial of costs in this matter. Plaintiffs first argue that Freedom's costs for subpoenas is unreasonable and unnecessary. Freedom served the subpoenas listed in its Bill of Costs after failing to receive adequate discovery responses from Plaintiff. Moreover, as the docket will reflect, the parties were scheduled to engage in a mediation on July 31, 2020. In order to ensure the mediation would be productive, Freedom required the subpoenas to be served timely and with assurance of receipt. Recovery of fees for the service of summons and subpoenas, including those served by private process servers, are expressly permitted under LCvR 54.1(F)(5) and routinely granted by this Court. *See Raynor v. G4S Secure Sols. (USA), Inc.,* Civil Action No. 3:17cv160-FDW-DSC, 2021 U.S. Dist. LEXIS 252655, at *5 (W.D.N.C. Sep. 29, 2021); *USA Trouser, S.A. de C.V. v. Int'l Legwear Grp., Inc.,* No. 1:11-cv-00244-MR-DLH, 2014 U.S. Dist. LEXIS 39271, at *35 (W.D.N.C. Mar. 24, 2014); *Irwin Indus. Tool Co. v. Worthington Cylinders Wis., LLC*, No. 3:08cv291, 2010 U.S. Dist. LEXIS 105575, at *7 (W.D.N.C. Oct. 1, 2010). Contrary to Plaintiffs' characterization, Freedom did not "run up costs." It incurred the costs in order to properly defend itself and to prepare with court-ordered mediation. Accordingly, Plaintiffs' objections on this issue are baseless and should be disregarded.

2

**III. Freedom's Deposition Attendance and Transcript Fees are Reasonable and Recoverable.**

As for the deposition attendance fee, Plaintiff argues $360 is an "extravagant" amount for a court reporter's attendance.[1] Plaintiffs fail to provide any argument, evidence or case law to support this objection. Moreover, the attendance fee is reasonable and proper in light of the fact that the fee was for attendance to *both* of the Plaintiffs' depositions which took six hours to complete. Therefore, Plaintiffs' Objection on this issue should be overruled and Freedom should be granted its court reporter attendance fees.

Finally, it should be noted that Plaintiffs' allegations that Freedom made an improper request for costs from the Fourth Circuit is also inaccurate and misconstrues that court's ruling. While transcript costs were denied in the appellate court, Plaintiffs conveniently omit the fact that the Fourth Circuit did so "without prejudice to [Freedom] moving for transcript costs in the district court." (*See* Case No. 21-1324, Doc. No. 31.) As a result, Freedom has properly requested the "charge for the original transcripts" pursuant LCvR 54.1(1). Moreover, fees for printed or electronically recorded transcripts necessarily obtained for use in the case are permitted under 28 U.S.C.S. § 1920. The Plaintiffs' deposition transcripts and the transcripts of Freedom's employees were all necessary for use in the case as Freedom cited to all four in its prevailing Motion for Summary Judgment. (*See generally* Doc. No. 28.)

The $2,674.55 requested by Freedom is taxable, reasonable, and necessarily incurred in the defense of this action. Plaintiffs should therefore be taxed all costs requested by Freedom.

---

[1] In response to Plaintiffs' Objection, Freedom contacted the court reporter at issue and confirmed the $105.00 charge was for the transcript index, and $70.00 charge was for production and processing fees for the Plaintiffs' to read and sign their transcripts. A further detailed invoice is attached as **Exhibit "A"**. Freedom recognizes that deposition index fees are not recoverable costs and withdraws its request for said amount in good faith.

Respectfully Submitted,

Date: August 4, 2022

*/s/ David Zulandt*
David A. Zulandt (0095516)
*Pro Hac Vice*
Dinsmore & Shohl LLP
1001 Lakeside Avenue, Suite 990
Cleveland, OH 44114
Tel: (216) 413-3851 / Fax: (216) 413-3839
david.zulandt@dinsmore.com

John J. Berry
*Pro Hac Vice*
Dinsmore & Shohl LLP
1300 Six PPG Place
Pittsburgh, PA 15222
Tel:  (412) 288-5854 / Fax: (412) 281-5055
john.berry@dinsmore.com

Jeffrey A. Bunda (34432)
Hutchens Law Firm, LLP
6230 Fairview Rd., Ste. 315
Charlotte, NC 28210
Tel:  (704) 362-9255/ Fax: (704) 362-9301
jeff.bunda@hutchenslawfirm.com


*Counsel for Defendant Freedom Mortgage Corporation*

4

**CERTIFICATE OF SERVICE**

I certify that on the 4th day of August, 2022, a copy of the foregoing was served via the

Court's electronic docketing system upon:

M. Shane Perry, Esq.
Collum & Perry (NC Bar # 35498)
109 W. Statesville Ave.
Mooresville, NC 28115
shane@collumperry.com
*Attorney for Plaintiffs*

/s/ David Zulandt
David A. Zulandt (0095516)
*Pro Hac Vice*

*Counsel for Defendant Freedom Mortgage Corporation*